

Caitlin R. Trow
*Associate*
Direct (646) 755-3180
Fax (646) 564-4862
crt@msf-law.com

August 16, 2023

**VIA ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

      Re:    **Nero, et al. v. Uphold HQ Inc., et al.**
              **1:22-cv-01602-VSB**

Dear Judge Cote:

We are counsel to Defendant Uphold HQ Inc. in the above-captioned action. We write to bring to your attention a recently issued order in another case in this district that pertains to the pending motion for judgment on the pleadings (Dkt. No. 68) in this case.

On August 11, 2023, in *Yuille v. Uphold HQ Inc.*, 22-cv-7453 (LJL), 2023 WL 5206888 (S.D.N.Y. Aug. 11, 2023), Judge Lewis J. Liman dismissed an EFTA claim against Uphold because the account at issue had been established for investment purposes and not "primarily for personal, family, or household purposes." Importantly, Judge Liman held that even if the proceeds from the account were eventually to be used for a consumer purpose, EFTA would not apply, because the account had been *established* for investment purposes.

The order in *Yuille* supports the arguments that Uphold made in its motion for judgment on the pleadings. Like the plaintiff in *Yuille*, Plaintiffs here established their accounts for investment purposes, not "primarily for personal, family, or household purposes." And even if Plaintiffs hoped to eventually use their cryptocurrency profits to fund consumer endeavors, that could be accomplished only after they had sold their cryptocurrencies and transferred the proceeds, in dollars, to a different account. But as Judge Liman recognized, "the derivative use of the investment income does not change [the] conclusion" that the accounts were *established* for investment purposes, which renders EFTA inapplicable.

*Hon Denise L. Cote, U.S.D.J.*
*Page 2*
*August 16, 2023*

For the reasons expressed in Judge Liman's order in *Yuille*, this Court should hold that Plaintiffs' accounts were established for investment purposes, not for personal, family, or household purposes, and the Court should grant the motion for judgment on the pleadings.

Respectfully Submitted,

MEISTER SEELIG & FEIN PLLC

By: _____/s/_____
        Caitlin R. Trow

cc:     All counsel of record (via ECF)