**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZACHARY NERO, JESSE W. SMITH, PETER MALOUPIS, JOSÉ RAMIREZ, and GILLES BOEVI, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UPHOLD HQ INC., a South Carolina corporation, and JOHN DOES 1–10, individuals,<br><br>Defendants. | Civil Action No. 1:22-cv-01602-DLC<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

On April 1, 2024, this Court granted the motion of Plaintiffs Zachary Nero, Jesse W. Smith, José Ramirez, and Gilles Boevi (collectively, "Plaintiffs") for preliminary approval of the Settlement[1] and certification of the Settlement Class (as defined below). *See* D.E. 100.

Commencing on or before June 17, 2024, Simpluris (the "Administrator") began providing notice to Settlement Class Members in compliance with the Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) Fully informed Settlement Class Members about the Action and the existence and terms of the Agreement;

(b) Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed Settlement;

(c) Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed Settlement; and

(d) Provided the time, date, and place of the Final Approval Hearing.

On October 4, 2024, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court also considered whether to grant Class Counsel's requested Attorney's Fees and Expenses, and Plaintiffs' requested Service Awards. The Court reviewed: (a) Plaintiffs' Motion for Final Approval of Class Action Settlement and all supporting materials; (b) Plaintiffs' Motion for Award of Attorney's Fees and Reimbursement of Litigation Expenses to Class Counsel and Service Awards to the Class Representatives and all support materials; (c) any objections filed with or presented to the Court; and (d) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who

---

[1] All capitalized terms used and not otherwise defined herein have the definitions set forth in the Settlement Agreement and Release dated February 2, 2024 (the "Agreement"). *See* ECF No. 91-2, at 5.

1

appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Action. Moreover, the Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund Account. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Agreement in accordance with its terms. The relief provided for in the Agreement shall be made available to the various Settlement Class Members pursuant to the terms and conditions in the Agreement. The Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

//

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5.  One objection to the Settlement was filed by a Settlement Class Member. All persons who did not object to the Settlement in the manner set forth in the Agreement are deemed to have waived any objections including, but not limited to, by appeal, collateral attack, or otherwise.

6.  Attached hereto as Exhibit A is a list of persons who made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Agreement and this Final Approval Order and Judgment, and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Agreement.

**CERTIFICATION OF THE SETTLEMENT CLASS**

7.  Solely for purposes of the Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All natural persons, that were at the time customers of Uphold HQ Inc., and who reported to Uphold HQ Inc. unauthorized access to their Uphold account(s) on or after February 25, 2021, where such report was within seven days prior to or within seven days following an unauthorized withdrawal of assets. Excluded from the Class are Excluded from the Class are: (a) the Defendant(s); (b) members of the Defendant(s)'s immediate family; (c) any person, firm, trust, corporation, affiliate, successor, parent, officer, director, or other individual or entity in which any Defendant has a controlling interest; (d) the legal representatives, agents, heirs, successors-in-interest, or assigns of any such excluded party; and (e) the Judge presiding over this action and the Judge's immediate family. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, and any person that previously settled a related claim directly with, and duly executed a release with, Uphold HQ Inc.

8.  The Court incorporates its preliminary conclusions from its Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). *See* ECF No. 100. Because the Settlement Class is certified solely for purposes of settlement, the Court need not

address any issues of manageability for litigation purposes.

9.  The Court grants final approval to the appointment of Plaintiffs Zachary Nero, Jesse W. Smith, Peter Maloupis, José Ramirez, and Gilles Boevi as the Class Representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of Karl S. Kronenberger and Leah Rosa Vulić of Kronenberger Rosenfeld LLP as Class Counsel for the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Settlement Class described above is certified solely for the purpose of the settlement described in the Agreement. The Court finds and orders that Defendant has not conceded that any of the allegations asserted in this Action are meritorious, or that this Action or any similar case is meritorious or amenable to class certification for purposes of litigation, and orders that nothing in this Final Approval Order and Judgment, or in the Agreement, shall prevent Defendant from opposing the Action on the merits, or shall prevent Defendant or Plaintiffs from opposing or supporting class certification, or seeking decertification, if this Final Approval Order and Judgment approving the Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

**NOTICE TO THE CLASS**

12. The Court finds that the Notice Plan, set forth in the Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Agreement, and the rights of Settlement Class Members to exclude themselves from the Agreement, to object and

appear at the Final Approval Hearing, and to receive benefits under the Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13.     The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

**ATTORNEY'S FEES AND COSTS, SERVICE AWARDS**

14.     The Court awards Class Counsel $320,000 in fees and reimbursement of $43,000 in expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund Account pursuant to the procedures in Section 6 of the Agreement.

15.     The Court awards Plaintiffs Zachary Nero, Jesse W. Smith, Peter Maloupis, José Ramirez, and Gilles Boevi $3,500 each as a Service Award, for a total of $17,500. The Court finds this amount is justified by Plaintiffs' service to the Settlement Class. Payment shall be made from the Settlement Fund Account pursuant to the procedures in Section 6 of the Agreement.

**RELEASES**

16.     The Court releases and forever discharges the Released Parties from each of the Released Claims, as provided in the Agreement. Plaintiffs and all members of the Settlement Class except for Opt-Out Members are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Judgment, and the Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action. The full terms of the release described in this paragraph are set forth in Section 13 of the Agreement and are

specifically approved and incorporated herein by this reference. In addition, Plaintiffs and each Settlement Class Member, except for Opt-Out Members, are deemed to have waived: (i) the provisions of California Civil Code §1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party; and (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code §1542.

**OTHER PROVISIONS**

17. Pursuant to Section 6 of the Agreement, the Cash Settlement Amount, consisting of eight hundred and twenty thousand dollars and no cents ($820,000.00), shall be used to pay: (a) all Class Member Awards; (b) any Court-ordered Fee & Expense Award to Settlement Class Counsel; (c) any Court ordered Service Awards to Plaintiffs; (d) any Administrative Costs, including but not limited to costs related to any aspects of the Notice Program performed by the Administrator; and (e) any additional fees, costs, and expenses not specifically enumerated herein, consistent with the purposes of this Agreement and subject to approval of Class Counsel. Defendant's payment of a total of $820,000 (inclusive of amounts already paid for class notice and administration costs), will be in full satisfaction of all individual and class claims asserted in, or that could have been asserted in, this Action, including for the Fee & Expense Award and Service Awards, and other amounts described in this Final Approval Order and Judgment. Of the $820,000, any amounts not payable, for example if Class Members who made claims cannot be located, the non-payable amounts shall be paid to the nonprofit, The Identify Theft Resource Center, in accordance with the Cy Pres Award provision of the Settlement Agreement.

18. The Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of: (a) liability, fault, wrongdoing, or violation of any law; (b) the validity or certifiability for litigation purposes of the Settlement Class; (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action; or (d) the infirmity of any defenses to Plaintiffs' claims or allegations.

19. The Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Agreement or the Final Approval Order and Judgment. This Final Approval Order and Judgment, and the Agreement, may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted, or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

20. Defendants John Does 1-10 are hereby dismissed.

21. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation, and enforcement of the Agreement for all purposes.

22. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by

the Clerk of the Court is expressly directed.

    NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED this ___ day of October, 2024.

                                                    _____
                                                    Honorable Denise L. Cote
                                                    UNITED STATES DISTRICT JUDGE