# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZACHARY NERO, JESSE W. SMITH, PETER MALOUPIS, JOSÉ RAMIREZ, and GILLES BOEVI, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UPHOLD HQ INC., a South Carolina corporation, and JOHN DOES 1–10, individuals,<br><br>Defendants. | Civil Action No. 1:22-cv-01602-DLC<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

On April 1, 2024, this Court granted the motion of Plaintiffs Zachary Nero, Jesse W. Smith, José Ramirez, and Gilles Boevi (collectively, "Plaintiffs") for preliminary approval of the Settlement[1] and certification of the Settlement Class (as defined below). Commencing on or before June 17, 2024, Simpluris (the "Administrator") began providing notice to Settlement Class Members in compliance with the Notice Plan. The notice:

(a) Fully informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

(b) Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed Settlement;

(c) Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed Settlement; and

(d) Provided the time, date, and place of the Final Approval Hearing.

On October 4, 2024, the Court held a Final Approval Hearing. Based on the record in this action and the Final Approval Hearing,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Action.

---

[1] All capitalized terms used and not otherwise defined herein have the definitions set forth in the Settlement Agreement and Release dated February 2, 2024 (the "Settlement Agreement"). *See* ECF No. 91-2, at 5.

1

3. The Court grants final approval of the Settlement Agreement, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund Account. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections including, but not limited to, by appeal, collateral attack, or otherwise.

6. Attached hereto as Exhibit A is a list of persons who made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment, and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

**CERTIFICATION OF THE SETTLEMENT CLASS**

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All natural persons, that were at the time customers of Uphold HQ Inc., and who reported to Uphold HQ Inc. unauthorized access to their Uphold account(s) on or after February 25, 2021, where such report was within seven days prior to or within seven days following an unauthorized withdrawal of assets. Excluded from the Class are Excluded from the Class are: (a) the Defendant(s); (b) members of the Defendant(s)'s immediate family; (c) any person, firm, trust, corporation, affiliate, successor, parent, officer, director, or other individual or entity in which any Defendant has a controlling interest; (d) the legal

representatives, agents, heirs, successors-in-interest, or assigns of any such excluded party; and (e) the Judge presiding over this action and the Judge's immediate family. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, and any person that previously settled a related claim directly with, and duly executed a release with, Uphold HQ Inc.

8. The Court incorporates its preliminary conclusions from its Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b).

9. The Court grants final approval to the appointment of Plaintiffs Zachary Nero, Jesse W. Smith, Peter Maloupis, José Ramirez, and Gilles Boevi as the Class Representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of Karl S. Kronenberger and Leah Rosa Vulić of Kronenberger Rosenfeld LLP as Class Counsel for the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

**NOTICE TO THE CLASS**

11. The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

12. The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

**ATTORNEY'S FEES AND COSTS, SERVICE AWARDS**

13. The Court awards Class Counsel $257,000 in fees and reimbursement of $43,000 in expenses. The Court finds these amounts to be fair and reasonable. Payment for these fees and costs, and for the costs of administering the Settlement, shall be made from the $320,000 paid by the Defendant in addition to its payment of statutory damages of $500,000. They shall not be paid from the Settlement Fund Account.

**RELEASES**

14. The Court releases and forever discharges the Released Parties from each of the Released Claims, as provided in the Settlement Agreement. Plaintiffs and all members of the Settlement Class except for Opt-Out Members are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed to ensure complete finality over this Action. The full terms of the release described in this paragraph are set forth in Section 13 of the Settlement Agreement and are specifically approved and incorporated herein by this reference. In addition, Plaintiffs and each Settlement Class Member, except for Opt-Out Members, are deemed to have waived: (i) the provisions of California Civil Code §1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party; and (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code § 1542.

**OTHER PROVISIONS**

15. Pursuant to Section 6 of the Settlement Agreement, Defendant's payment of a total of $820,000 (inclusive of amounts already paid for class notice and administration costs), will be in full satisfaction of all individual and class claims asserted in, or that could have been asserted in, this Action. Of the $500,000 award to Class Members, any amounts not payable, for example if Class Members who made claims cannot be located, the non-payable amounts shall be paid to the nonprofit, The Identify Theft Resource Center, in accordance with the Cy Pres Award provision of the Settlement Agreement.

16. This Final Approval Order and Judgment, and the Settlement Agreement, may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted, or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

17. Defendants John Does 1-10 are hereby dismissed.

18. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

19. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 4th day of October, 2024.

_____
Honorable Denise L. Cote
UNITED STATES DISTRICT JUDGE

**Exhibit A**

**Opt-Out Members**

1. David W. Olson

2. David Wattie

3. Adam Cornett

4. Ronald Gouthier